UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NIKIAL L. HARTZOG                                                              PETITIONER

VERSUS                                          CIVIL ACTION NO. 1:14CV455-LG-RHW

MISSISSIPPI DEPARTMENT OF CORRECTIONS et al                      RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Nikial L. Hartzog filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Doc. [1]. Hartzog pleaded guilty to sexual battery in the Circuit Court of Stone County. By order filed on May 31, 2013, the court sentenced Hartzog to a term of 40 years, with 20 years suspended and 20 years to serve in the custody of the Mississippi Department of Corrections followed by five years probation. Doc. [1-1] at 7-9. Hartzog filed a motion to reconsider on June 6, 2013, in which he requested reconsideration of his sentence due to his age at the time of sentencing. Doc. [9-1]. By order filed on January 8, 2014, the trial court denied the motion to reconsider. Doc. [9-2].

Counsel for Respondents represents that officials with the Stone County Circuit Court Clerk's Office indicate that Hartzog did not appeal the trial court's order denying his motion for reconsideration. Doc. [9] at 3. In his petition Hartzog admits that he has not filed any petition in state court concerning the judgment of conviction other than the motion to reconsider. *See* Doc. [1] at 3. Counsel for Respondents represents that Stone County Circuit Court records and Mississippi Supreme Court records confirm that Hartzog has not filed an application for leave to seek post-conviction relief from his conviction and sentence. Doc. [9] at 3. On February 24, 2015, Respondents filed a motion to dismiss arguing that Hartzog has not exhausted his state

court remedies. Doc [9]. Hartzog has not filed a response in opposition to the motion.

## Law and Analysis

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* The Mississippi Uniform Post-Conviction Collateral Relief Act provides an available procedure in state court. *See* Miss. Code Ann. § 99-39-1 *et seq*. Based on the admission in Hartzog's petition and representations of Respondents' counsel, the undersigned finds that he did not exhaust his available state court remedies prior to filing the instant § 2254 petition.

While Hartzog's failure to exhaust available state court remedies warrants dismissal of a federal habeas corpus petition under § 2254(b)(1) and (c), the decision by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) provides federal district

courts with the discretion to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court. However, the Supreme Court in *Rhines* cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. It is only appropriate when the district court determines that there was good cause for petitioner's failure to exhaust and where the unexhausted claims are not plainly meritless. *Id.* Hartzog's petition is silent as to why he failed to exhaust state remedies. Hartzog's peition does not meet the *Rhines* standard because he has failed to provide any reason for allowing his habeas petition to be held in abeyance while his claims are exhausted.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [9] Motion to Dismiss be GRANTED and that Nikial Hartzog's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed based on failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed

3

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 23rd day of April, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE